UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TAKIEM EWING, ANTONIO GARCIA-HERRERA, JOHNNY JEAN, and JAVIER JOVEL-AGUILAR,

Plaintiffs,

v. CASE NO.: 5:25-cv-526-JLB-PRL

TODD BLANCHE,[1] WILLIAM K MARSHALL III, ROY CHEATHAM, and EUGENE K. CARLTON,

Defendants.
_____________________________________/

**ORDER**

As currently alleged and taking the facts as true, as this Court must in deciding a motion to dismiss, this putative class action presents a troubling situation affecting a basic need for all: reasonable access to potable water. In a nutshell, Plaintiffs allege that consumption of USP Coleman II's tap water has made, or is making, inmates at USP Coleman II sick. The tap water, according to the Plaintiffs, is discolored and has an unpleasant smell. They allege that BOP employees do not drink the tap water but instead bring their own water coolers from home for their consumption while working at USP Coleman II. They further allege that some BOP employees advised them not to drink the tap water. And to

[1] Attorney General Todd Blanche is substituted for former Attorney General Pam Bondi. *See* Fed. R. Civ. P. 25(d).

the extent that clean bottled water is available *for purchase at* the commissary, they contend that access to the commissary is foreclosed when a particular inmate, or the entire institution, is on lockdown. They contend that some inmates cannot afford to purchase bottled water. For those who can afford to purchase bottled water, institutional regulations limit the number of bottles of water each inmate may purchase per week. And Plaintiffs claim that the permissible net quantity of bottled water available to an inmate for weekly purchase is below the quantity of water needed for an individual to stay hydrated. After thoroughly reviewing Plaintiffs' complaint, Defendants' motion to dismiss, and Plaintiffs' response, the Court grants Defendants' motion to dismiss with leave for Plaintiffs to file an amended complaint.

## I. Background

Plaintiffs Takiem Ewing, Antonio Garcia-Herrera, Johnny Jean, and Javier Jovel-Aguilar are incarcerated at USP Coleman II. They bring two claims for relief related to the drinking water at USP Coleman II: one of cruel and unusual punishment under the Eighth Amendment, and the other under the Safe Drinking Water Act ("SDWA"). (Doc. 1 at 23–27). For relief, Plaintiffs seek: class certification; a judgment declaring that Defendants' actions are unlawful and violate Plaintiffs' constitutional and statutory rights; an injunction to stop the unlawful and unconstitutional treatment; a third-party monitor to ensure

compliance; the Court to retain jurisdiction to monitor and enforce compliance; attorneys' fees and costs; and any other appropriate relief. (*Id.* at 27–28).

**II. Motion to Dismiss**

The Court makes the following rulings regarding the motion (Doc. 18):

**A. Eighth Amendment Claim**

**i. Exhaustion**

The parties agree that Plaintiffs Ewing and Jovel-Aguilar exhausted their administrative remedies and that Plaintiff Garcia-Herrera failed to do so. (Doc. 18 at 6; Doc. 25 at 5–8). The only dispute is whether Plaintiff Jean exhausted his BOP remedies. Accepting as true Plaintiff Jean's version of the facts, *see Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008), the Court finds that Plaintiff Jean exhausted his administrative remedies. Plaintiff Jean's contentions (Doc. 25-1) correspond with the records submitted by Defendants related to his grievance and subsequent appeals for "want[ing] to be placed on the call out list for medical." (Doc. 18-1 at 22–23). Plaintiff Jean submitted a BP-11 on August 15, 2025, which was delivered to the BOP's Central Office on September 2, 2025, thereby exhausting his remedies. Defendants did not raise any argument regarding the timeliness of Plaintiff Jean's properly filed grievances. The Court finds that Defendants failed to meet their burden that Plaintiff Jean failed to exhaust his administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 215–16 (2006) (holding that failure of exhaustion is an affirmative defense that must be raised by defendants); *Turner*, 541 F.3d at 1082 ("The defendants bear the burden of proving that the plaintiff has

failed to exhaust his available administrative remedies.") (citing *Bock*, 549 U.S. at 216). In sum, Defendants' motion to dismiss for failure to exhaust administrative remedies is granted as to Plaintiff Garcia-Herrera and denied as to Plaintiff Jean. A hearing on this issue is unnecessary.

**ii. Sovereign Immunity**

Plaintiffs seek only declaratory and injunctive relief, not monetary damages. (Doc. 1 at 27–28). Defendants improperly attempt to recharacterize Plaintiffs' Eighth Amendment claim as one brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389–92 (1971), which created a remedy for individuals to seek monetary damages for unconstitutional conduct by federal officials. That said, Plaintiffs have failed to plead the basis for a waiver of sovereign immunity for their Eighth Amendment claim. "A plaintiff must plead a waiver of sovereign immunity for a court to exercise subject matter jurisdiction." *Williams v. Cheatham*, 548 F. Supp. 3d 1174, 1181 (M.D. Fla. 2021) (collecting cases). Accordingly, the Eighth Amendment claim is dismissed without prejudice, and Plaintiffs must amend their complaint to plead the applicable waiver of sovereign immunity to establish the basis for the Court's jurisdiction over the Eighth Amendment claim.

**B. Safe Drinking Water Act Claim**

As an amended complaint is necessary as to the Eighth Amendment claim, the Court, in its discretion, will permit Plaintiffs to include in the amended

complaint any additional allegations related to the SDWA claim that they deem appropriate.

**III. Conclusion**

Defendants' motion to dismiss is granted to the extent Plaintiff Garcia-Herrera is dismissed from this action for failure to exhaust administrative remedies. Plaintiffs' Eighth Amendment claim is dismissed without prejudice for failure to plead any waiver of sovereign immunity. Plaintiffs may amend both their Eighth Amendment and SDWA claims, adding any additional factual information and affirmative defenses they deem appropriate. Plaintiffs are directed to file an amended complaint within 21 days. No additional claims may be raised.

Accordingly, it is **ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 18) is **GRANTED.**
    a. Plaintiff Garcia-Herrera is **DISMISSED** from this action without prejudice for failure to exhaust administrative remedies.
    b. Plaintiffs' Eighth Amendment claim is **DISMISSED WITHOUT PREJUDICE** with leave of the Court to plead, if they deem such appropriate, any waiver of sovereign immunity and to add any additional factual allegations they deem appropriate.
    c. Plaintiffs' SDWA claim is **DISMISSED WITHOUT PREJUDICE** with leave of the Court to add any additional factual information.
    d. The motion to dismiss is denied without prejudice in all other respects.

2. Within **21 days**, Plaintiffs shall file an amended complaint should they desire to continue this litigation. Failure to do so may result in dismissal of this action without further notice.

3. The Clerk is **DIRECTED** to dismiss Plaintiff Garcia-Herrera from this action. The Clerk is further **DIRECTED** to substitute Attorney General Todd Blanche for Attorney General Pam Bondi in the case caption. *See* Fed. R. Civ. P. 25(d).

**DONE AND ORDERED** in Ocala, Florida this 4th day of September 2026.

SA: OCAP-2
Copies: All Parties of Record

John L. Badalamenti

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE